IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                       No. 19-10128-JWB

PHONG HOANG NGUYEN,

      Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the government's appeal of the Magistrate Judge's order of release. (Docs. 18, 20.) Defendant has filed a response. (Doc. 26.) The court held an evidentiary hearing on October 31, 2019, and orally ruled on the matter. This written order will supplement the court's oral ruling. For the reasons stated, the Magistrate Judge's order of release (Doc. 18) is REVOKED and Defendant is ordered detained pending trial.

**I. Background**

Defendant is charged in a one-count indictment with unlawfully and knowingly possessing firearms and ammunition, in and affecting commerce, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). (Doc. 1.) Defendant was initially ordered detained following a hearing before Magistrate Judge Gwynne E. Birzer, based upon the Magistrate Judge's finding that Defendant's release would pose a danger to the community. (Doc. 11.) Judge Birzer indicated she might reconsider the order if Defendant provided in-depth information about management of his mental health issues. (*Id.* at 2.) Defendant subsequently filed a motion for reconsideration, which was

heard by Magistrate Judge Kenneth G. Gale. Judge Gale entered an order of release with conditions after Defendant presented evidence of a substance abuse and psychological assessment with a recommendation for outpatient treatment. (Doc. 18.) The order included conditions that Defendant get medical or psychiatric and substance abuse treatment and follow the recommendation of treatment providers; that he participate in inpatient or outpatient treatment for substance abuse; that he not possess a firearm and not unlawfully use controlled substances; and that he submit to drug testing. (*Id.* at 2.) The government appeals the release order, arguing there are no conditions that will reasonably assure the safety of the community.[1] (Doc. 20.)

**II. Standards**

The district court's review of a magistrate judge's detention or release order is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch" or "incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Burks,* 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f)(2)(B). The court may allow the parties to present information by proffer or it may insist on direct testimony. *See id. See also United States v. Goines*, No. 19-10103-JWB, 2019 WL 4168822, at *1 (D. Kan. Sept. 3, 2019).

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and

---

[1] The government's notice of appeal also asserted that no conditions would reasonably assure the appearance of Defendant as required (Doc. 20 at 2), but the government's arguments at the detention hearing focused only upon danger to the community. There is no evidence that Defendant would pose a flight risk if released.

2

the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). There is no rebuttable presumption of risk of flight or danger to the community in this case. *See* 18 U.S.C. § 3142(e).

### III. Analysis

#### A. Nature and Circumstances of the Offense

Defendant is charged with unlawful possession of firearms and ammunition by a convicted felon. The indictment alleges Defendant possessed a 9mm semi-automatic pistol, a .22 caliber rifle with a disassembled stock, two 12-guage semi-automatic shotguns, a .223 semi-automatic rifle, and miscellaneous ammunition. (Doc. 1.) The firearms were allegedly found in Defendant's residence. The Pretrial Services Report of the United States Probation Office indicates Defendant was previously convicted of one or more felonies, including for possession with intent to distribute cocaine in this district in Case No. 00-10132-01 (D. Kan.).

In addition to these facts that go directly to the charged offense, the circumstances surrounding the offense are alarming. The evidence, proffers, and argument presented at the detention hearing indicate the firearms that are the subject of the indictment were allegedly found during a search of Defendant's residence by law enforcement officers. Defendant's house was searched sometime after Defendant's neighbor called 911 to report gunshots and what he believed to be bullets hitting his house. Bullet holes were found in the neighbor's house and the trajectory and other circumstances indicated the shots came from Defendant's residence. According to the government's proffer, when officers asked Defendant about the incident, he admitted he had possessed firearms during the incident and said he had been shooting at someone who was trying to rob him. Officers allegedly observed numerous bullet holes in the walls and windows of Defendant's residence which indicated shots had been fired from inside his house. Defendant had not reported the asserted robbery. Defendant also allegedly told officers that if someone tried to rob him in the future, he would shoot them.

Defendant's neighbor testified at the detention hearing. Among other things, the neighbor testified that Defendant had a berm on his property that Defendant used as a shooting back-stop. The neighbor said he had previously seen Defendant shooting firearms at the berm. The neighbor also said his grandchildren are no longer permitted to visit his house because of what he considers the danger of bullets hitting his house from Defendant's property.

Based on the foregoing, the court concludes the nature and circumstances of the alleged offense strongly indicate that Defendant's release would pose a danger to the community, and thus weigh in favor of detention.

## B. Weight of the Evidence

During the search of Defendant's home, law enforcement officers allegedly found five firearms, plus ammunition. Defendant allegedly admitted that he fired at least one firearm inside his home. Additionally, the neighbor testified that Defendant has a shooting berm or similar facility on the property, which Defendant uses from time to time. Accordingly, there appears to be strong evidence that Defendant is a convicted felon and that he possessed one or more firearms.

The weight of the evidence against Defendant appears substantial and weighs in favor of detention.

## C. History and Characteristics of Defendant

Defendant has long-standing ties to the community. He also has extensive family in the area, including Defendant's parents, siblings, and children. Defendant has been self-employed and has maintained his own business for approximately the last ten years. These factors weigh in favor of release.

Defendant also has a long history of both substance abuse and mental health issues. According to records from a 2005 case, where Defendant was charged with unlawful possession of a firearm, Defendant was suffering from auditory and visual hallucinations at the time of that alleged offense. The case was subsequently dismissed. (Case No. 05-10188-MLB, D. Kan.) Defendant has self-reported a history of depression, although he stated during the bond interview that he was now mentally stable and did not need mental health services. Defendant's wife, who is separated from him, reported Defendant has a history of mental health issues including paranoia, hallucinations, anger, and depression, as well as a history of substance abuse, including methamphetamine. She also reported that Defendant does not think he needs mental health services. Defendant's substance abuse evaluation report indicates that Defendant reported daily

5

usage of methamphetamine, cocaine, and marijuana during the period just prior to his arrest on the instant charge.

Defendant's history appears to include a long-standing affinity for firearms, up to and including shortly before his arrest on the instant charge. His history also includes two revocations of supervised release in Case No. 00-10132, including a revocation for committing a new violation of law and failing to participate in substance abuse treatment as required.

On the whole, Defendant's history and characteristics weigh in favor of detention, as they indicate Defendant's release would pose a danger to the community and that no conditions would be adequate to reasonably assure the safety of the community.

### D. Danger to Any Person or the Community

The court finds the government has established by clear and convincing evidence that Defendant's release would pose a danger to the community, and that there are no conditions of release that will reasonably assure the safety of the community. Defendant has argued that he could be released on conditions for outpatient treatment with monitoring, but the court is not persuaded that anything short of detention would be sufficient to assure community safety. "The concern about safety is to be given a broader construction than the mere danger of physical violence...." *United States v. Gilliard*, 722 F. App'x 818, 821 (10th Cir. 2018) (citing *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)). Indeed, for all practical purposes, Defendant has been under a "condition," so to speak, that he not possess firearms ever since he was first convicted of a felony. The materials proffered so far[2] indicate the prohibition against possession of firearms has done nothing to prevent him from obtaining firearms recently or in the past. According to the Pretrial Services Report, when Defendant was arrested in March of 2000, U.S. Marshals found a

---

[2] Nothing in the Bail Reform Act modifies or limits the presumption of innocence. 18 U.S.C. § 3142(j). The court only considers the strength of the evidence here insofar as it bears on the risk of harm to the community.

handgun, rifle, ammunition, and cocaine in an apartment Defendant shared with his wife, and during an arrest only a few months later, the Marshals found a shotgun, ammunition, and marijuana in his residence. Defendant performed poorly on supervision in that case: missing drug tests, testing positive, not participating in substance abuse treatment, and tampering with a urine sample. Given Defendant's history and characteristics, the court has no reason to believe that additional conditions - mere words on paper - will prevent Defendant from obtaining firearms again if he is released. Defendant has a long history of criminal conduct, mental health issues, substance abuse issues, failure to abide by conditions of supervision, and association with and use of firearms, all of which combine to persuade the court that there are no conditions of release that would be sufficient to reasonably assure the safety of the community.

**IV. Conclusion**

The Magistrate Judge's Order of Release (Doc. 18) is REVOKED. The court finds that no condition or combination of conditions will reasonably assure the safety of the community. Defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. Upon order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 1st day of November, 2019.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE